IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL JERRIAL IBENYENWA | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv106 |
| JERRY WILSON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Michael Jerrial Ibenyenwa, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, this civil rights lawsuit. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The defendants have filed a motion asking the court to revoke plaintiff's *in forma pauperis* status in accordance with 28 U.S.C. § 1915(g).

Discussion

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints on an *in forma pauperis* basis. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The defendants assert that prior to filing this lawsuit, plaintiff had at least three actions or appeals dismissed as frivolous, malicious or for failure to state a claim. The defendants cite a prior civil rights lawsuit that was dismissed as frivolous and for failure to state a claim.[1] That case

---

[1] *Ibenyenwa v. Carrington*, No. 5:12cv150 (N.D. Tex. July 14, 2015).

satisfies the requirements of Section 1915(g). However, the defendants also cite a prior habeas corpus petition and petitioner's appeal of the denial of that petition.[2] Section 1915(g) does not apply to habeas petitions or appeals. *Williams v. Texas Court of Criminal Appeals*, 815 F. App'x 784, 785 (5th Cir. 2020); *Shaw v. Ingram*, 273 F.3d 1098 (5th Cir. 2001). Moreover, the documents that denied the petition and dismissed the appeal make no reference to petitioner's filings being frivolous or malicious or failing to state a claim. As a habeas corpus petition and appeal do not satisfy the requirements of Section 1915(g), the defendants have failed to show Section 1915(g) prevents plaintiff from proceeding with this case on an *in forma pauperis* basis. Their motion should therefore be denied.

## Recommendation

The motion to revoke plaintiff's *in forma pauperis* status (doc. no. 14) should be denied..

## Objections

Objections must be (1) specific, (2) in writing, and (3) filed within 14 days after receiving a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 27th day of March, 2023.

_____
Zack Hawthorn
United States Magistrate Judge

---

[2] *Ibenyenwa v. Davis, Director, TDCJ-CID*, No. 4:15cv60 (N.D. Tex. Mar. 13, 2017); *Ibenyenwa v. Davis, Director, TDCJ-CID*, No. 17-10420 (5th Cir. May 20, 2018) (denying request for certificate of appealability and dismissing appeal).