IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL JERRIAL IBENYENWA | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv106 |
| JERRY L. WILSON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael Jerrial Ibenyenwa, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Jerry L. Wilson and Randy O'Neal. Defendant Wilson is a laundry manager. Defendant O'Neal is defendant Wilson's supervisor. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The defendants have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff has filed a response. The motion is therefore ripe for consideration.

Factual Allegations

Plaintiff alleges that a comprehensive unit "shakedown" was conducted on March 11, 2019. On March 12, defendant Wilson began to throw plaintiff's clean socks under the cell door. Defendant O'Neal observed the actions with approval. When plaintiff asked why defendant Wilson was doing this, defendant Wilson replied by telling plaintiff to "pick them up."

On March 15, it became clear that defendant Wilson did not intend to wash plaintiff's clothes and did not allow plaintiff to exchange his dirty laundry for clean items. He states he went without a clean towel and clean boxers and socks for nine days.

Plaintiff alleges these actions were done in retaliation for complaints plaintiff previously made to defendant Wilson about his throwing plaintiff's socks under the cell door. He also states the actions were taken in retaliation for other complaints he made to defendant Wilson about the

mishandling of his necessities and for threatening to file grievances. Plaintiff further contends defendant O'Neal failed to properly supervise defendant Wilson.

## The Motion to Dismiss

Initially, the defendants assert that to the extent they are sued in their official capacities for money damages, they are entitled to immunity under the Eleventh Amendment. In addition, the defendants assert the defense of qualified immunity with respect to claims against them in their individual capacities.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief may be granted. A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Plaintiffs must state enough facts to nudge their claims across the line from conceivable to plausible. *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993).

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject-matter jurisdiction of a federal court to hear a claim. A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Homebuilders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Analysis

*Claims Against the Defendants in the Official Capacities for Damages*

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless a state consents." *Daigle v. Gulf States Utilities Company, Local Union Number 2286*, 794 F.2d 974, 980 (5th Cir. 1986). Eleventh Amendment immunity extends to suits for monetary damages against a state official in his official capacity. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 609 (2001). Federal claims against state officials in their official capacities are the equivalent of suits against the state. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996).

Based on the authorities cited above, the defendants are entitled to immunity under the Eleventh Amendment for any claim against them in their official capacities for money damages. The court therefore lacks subject-matter jurisdiction over any such claim.

*Qualified Immunity*

The defendants contend that with respect to claims against them in their individual capacities, they are entitled to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Federal courts use a two-part test to determine whether defendants are entitled to qualified immunity. *Freeman v. Texas Department of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). The first prong of the test requires the court to determine whether the plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. A defendant is entitled to qualified immunity if there is no constitutional violation or if the conduct did not violate clearly established law at the time. *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014).

3

*Retaliation*

"An action motivated by retaliation for the exercise of a constitutionally protected right is actionable even if the act, when taken for different reasons, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, although it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation, an inmate is required to prove: (1) he was exercising a specific constitutional right; (2) the defendant intended to retaliate against the inmate for exercising that right; (3) a retaliatory adverse act on the part of the defendant; and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to support a retaliation claim. *Woods*, 60 F.3d at 1166.

The retaliatory adverse act by the defendant must rise above the level of a *de minimis* act. As stated above, a retaliatory act is actionable only if it would deter a person of ordinary firmness from further exercising his constitutional rights. In *Morris*, *supra*, the plaintiff complained of two retaliatory adverse acts. The United States Court of Appeals for the Fifth Circuit held that a job transfer from the commissary to the kitchen was *de minimis*. The plaintiff in *Morris* was forced to work at a less desirable job for a week before he was assigned to a better position. In contrast, the court held that a transfer to a more dangerous prison unit was a sufficiently adverse act to support a claim for retaliation. 449 F.3d at 686-87.

Plaintiff asserts defendant Wilson, with a retaliatory motive, deprived him of clean socks, boxers and towels for several days. This action, like the temporary job transfer described in *Morris*, would have caused plaintiff to experience "discomfort for a few days." 449 F.3d at 687.

4

Accordingly, this action, like the job transfer in *Morris,* was *de minimis* and would not have deterred a person of ordinary firmness from further exercising his constitutional rights.

As the retaliatory adverse actions taken by defendant Wilson did not rise above the level of a *de minimis* act, plaintiff's allegations regarding retaliation fail to state a claim upon which relief may be granted. Defendant Wilson is therefore entitled to qualified immunity.

*Claim Against Defendant O'Neal*

A civil rights plaintiff must enunciate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procuier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff alleges defendant O'Neal was present during part of the acts described in the complaint. However, plaintiff does not allege defendant O'Neal participated in the acts of defendant Wilson. As a result, plaintiff has not demonstrated personal involvement on the part of defendant O'Neal.

Plaintiff alleges defendant O'Neal failed to properly supervise defendant Wilson. In a action brought pursuant to Section 1983, supervisory officials are not liable for the actions of their subordinates on any vicarious liability theory. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). A supervisor may be held liable only if either of the following exists: (1) his personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 435 (5th Cir. 2008). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

As stated above, plaintiff's allegations fail to demonstrate defendant O'Neal was personally involved in the actions described in the complaint. Further, plaintiff has not shown defendant

O'Neal implemented a constitutionally deficient policy that led to the harm he suffered.  Plaintiff has therefore failed to state a claim against defendant O'Neal upon which relief may be granted.[1]

Recommendation

The motion to dismiss (doc. no. 15) should be granted.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 28th day of July, 2023.

Zack Hawthorn
United States Magistrate Judge

---

[1] In light of the conclusions reached above, the remaining grounds for dismissal asserted by the defendants need not be considered.